# JOHN SHORT

*v.*

# MORTIMER MILLARD.

AGENCY—*recovery for services by agent.* Where the owner of land employed an agent to sell the same, agreeing that if the latter would find a purchaser at a fixed price, to pay him $500, which the latter did, it was

*held*, that as soon as the agent procured the purchaser his agency ceased, and his taking a retainer from the purchaser to see that the papers were properly prepared and executed, presented no ground for defeating a recovery of the price agreed to be paid him.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

This was an action brought by Mortimer Millard against John Short, to recover for services as agent, in the city court of East St. Louis. The plaintiff recovered judgment, and the defendant appealed to the circuit court, where the plaintiff again recovered judgment for $500 and costs. From this judgment the defendant appealed to this court.

Mr. T. G. C. DAVIS, for the appellant.

Mr. R. A. HALBERT, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellee sued appellant to recover for services as agent in selling a tract of land. It appears that appellant agreed that if appellee would find him a purchaser for a piece of land, he would pay him $500. The evidence shows that he procured a purchaser at the price fixed by appellant, and the sale was consummated. But it is urged that appellee was acting as the agent of both appellant and Lovingston, the purchaser, without having notified appellant. An examination of the evidence shows that the defense is not established. The only evidence we find in support of the defense is what was said by Lovingston when the sale was closed. He at that time proposed that appellee should prepare the deed, as he was acting for both parties, but the proposition was declined, appellant at the time saying another attorney did his business; and it appears that appellee was present when the papers were executed. He was there at the instance of Lovingston.

There is no doubt that appellee was the agent of appellant in procuring a purchaser, and the evidence shows that he

obtained one at the full price fixed by appellant, and when he had fully performed the agency, and it was at an end, he then received a retainer from the purchaser to see that the papers were properly prepared and executed. In this we perceive nothing wrong or inconsistent. It is true, his retainer by Lovingston grew out of his former agency, but not till after that relation had terminated. When he found the purchaser he was no longer the agent of appellant, and was free to take the retainer from Lovingston. There was, then, nothing improper or inconsistent in his thus acting. The evidence sustains the finding of the jury.

No question has been raised as to the jurisdiction of the city court to try the case, and the judgment of the court below is affirmed.

*Judgment affirmed.*