R. W. RAISIN *vs.* ROSA A. CLARK.

*Real estate Broker — Unlawful commissions— Usage or Custom cannot control a well established principle of Law.*

Where a real estate broker, employed to sell a farm, disposes of it by way of exchange for other real estate, he is not entitled to charge the owner of the latter a commission for effecting the exchange. The law does not permit the broker in such a case to act as agent for both parties. Even an agreement to pay such commission, could not be enforced by an action thereon.

Nor could an action for the recovery of such commission be maintained, although by a custom or usage existing among brokers in the place where the exchange was effected, they were entitled in exchanges of real estate to a commission of two and a half per cent. from each party, on the amount or value of the property exchanged.

APPEAL from the Circuit Court for Baltimore County.

The nature of the case is fully stated in the opinion of the Court.

The cause was submitted on briefs to BARTOL, C. J., STEWART, BOWIE, BRENT, MILLER and ALVEY, J.J.

*R. R. Boarman* and *William A. Fisher,* for the appellant.

*Fielder C. Slingluff,* for the appellee.

MILLER, J., delivered the opinion of the Court.

The appellant is a real estate broker, doing business in Baltimore City, and as such was employed by Mr. Cooper, to sell for him, his farm in Baltimore County. As Cooper's agent, he advertised the farm for sale and the appellee

seeing the advertisement called upon him and proposed to exchange a house she owned in the city for the farm, and the exchange was effected. Cooper paid the appellant the usual commission of two and a half per cent. on $6000, the value placed upon the properties so exchanged, and in this action he seeks to recover the like commissions from the appellee. He places his claim on two grounds.

1st. Upon an express agreement or contract between the appellee and himself that she would pay him such commissions in case the exchange was effected.

2nd. Upon an alleged custom or usage among brokers in the city of Baltimore, that in exchanges of real estate they are entitled to a commission of two and a half per cent. from each party on the amount or value of the property exchanged.

The testimony is conflicting as to the making of the alleged agreement, but the question presented for the determination of this Court by the present appeal, is whether such an agreement if made, can be enforced by the agent, by an action founded thereon? That the appellant was Cooper's agent to sell his farm, and that the alleged agreement, if ever made, was entered into, while this employment continued, are conceded facts in the case. In this state of facts could he lawfully become the agent of the party by whom the farm was purchased by way of exchange of property? In our opinion it is very clear he could not. It is a general rule that a party cannot in any agency of this kind act as agent or broker for both vendor and vendee in respect to the same transaction, because in such case there is a necessary conflict between his interest and his duty. The vendor in the employment of an agent to sell his property bargains for the disinterested skill, diligence and zeal of the agent for his own exclusive benefit.

It is a confidence necessarily reposed in the agent, that he will act with a sole regard to the interest of the princi-

pal as far. as he lawfully may. The seller of an estate is presumed to be desirous of selling it at as high a price as can fairly be obtained for it, and the purchaser is equally presumed to desire to purchase it for as low a price as he may. The interests of the two are in conflict. *Emptor emit quam minimo potest, venditor vendit quam maximo potest.* But if the same party be allowed to act as agent for both it becomes his interest to have this maxim reversed, or at least to sacrifice the interests of one or both of his principals in order to advance his own by receiving double commissions. Hence the law will not permit an agent of the vendor whilst that employment continues, to assume the essentially inconsistent and repugnant relation of agent for the purchaser. *Story on Agency, secs.* 210, 211; *Schwartze vs. Yearly,* 31 *Md.,* 278. In a very recent English case, (*Morison vs. Thompson,* 9 *Law Rep.,* 480,) the plaintiff employed a broker to purchase a particular ship on the basis of an offer of £9000 or as cheaply as he could, but eventually the ship was purchased for £9250. Prior to the sale an arrangement had been made between the vendor and a broker, Scott, that if the latter could sell the ship for more than £8500, he might retain for himself the excess and it was arranged between Scott and the defendant, without the knowledge or sanction of the plaintiff, that defendant should receive from Scott a portion of this excess and he accordingly received £225, part of the excess over £8500. On discovering this the plaintiff brought an action for money had and received against the defendant for the £225, and the Court of Queen's Bench sustained the action and allowed the recovery. In the course of his opinion, C. J. COCKBURN, declared the law on the subject to be well and compendiously stated, in *Story on Agency, sec.* 211, (to which we have referred,) in these terms: "Indeed it may be laid down as a general principle that in all cases where a person is either actually or construc-

Raisin *vs.* Clark.

tively an agent for other persons, all profits and advantages made by him in the business beyond his ordinary compensation, are to be for the benefit of his employers." In the case before us the appellant testified that he informed Cooper that the appellee was to pay him commissions if the exchange was made. This would probably prevent a recovery from him by Cooper of such commissions in case they had actually been paid by the appellee, but it does not follow from this that he can enforce the contract against the appellee and compel her to pay them. The rule to which we have adverted forbids the Courts to entertain an action founded upon such a contract. Nor does it prevent the application of the rule, that this was an exchange of properties and not a sale of the farm for money. The reasons upon which the sale is founded apply with equal force whether money or property at an ascertained value be received by the vendor for the property he parts with. It is perhaps possible for the same agent to serve both parties to such a transaction honestly and faithfully, but it is very difficult to do so, and the temptation to do otherwise is so strong that the law has wisely interposed a positive prohibition to every such attempt. As said by Judge STORY, in one of the sections of his book, on Agency, already referred to : "It is to interpose a preventive check against such temptations and seductions that a positive prohibition has been found to be the soundest policy, encouraged by the purest precepts of Christianity."

After what has been said it is hardly necessary to add that the usage or custom relied on cannot avail the appellant. A usage in contravention of a well settled and salutary rule of law cannot be sustained by Courts of Justice. The appellant is therefore not entitled to recover on either ground upon which he bases his claim. The rulings of the Court rejecting his two prayers, accord with the views above expressed, and it follows that error, if there be

any in granting the appellee's second prayer, has resulted in no injury to the appellant, and the judgment must be affirmed.

*Judgment affirmed.*

(Decided 1st December, 1874.)