CHARLES W. LYNCH *vs.* JOHN FALLON.

While an exchange of realty was negotiating between A. and B., L., a broker already in the employ of A., acted for B. without, so far as appeared, the knowledge of A. : —
*Held*, that L. could not recover for his services to B., notwithstanding an express agreement on the part of B. made before the exchange to pay commissions to L., and notwithstanding a promise made by B. after the exchange to pay a fixed sum to L.
A broker acting at once for both vendor and purchaser assumes a double agency disapproved of by law, and which, if exercised without the full knowledge and free consent of both parties, is not to be tolerated.

ASSUMPSIT heard by the court, jury trial being waived.

*February* 19, 1876. DURFEE, C. J. This is an action of assumpsit to recover $2,500 for commissions for the plaintiff's services as a broker in negotiating an exchange of real estate. The two estates exchanged were a hotel estate, belonging to the defendant, situated in Worcester, and valued by the defendant at $125,000, on one side, and a tract of land belonging to the West Elmwood Land Company, situated in Providence, on the other side. There was, subject to mortgages, an even exchange. The plaintiff claims that the defendant made him an express promise to pay him the regular commissions before the exchange, and after the exchange promised to pay him $2,500. The defendant denies this. We think the promise is proved. The defendant contends that, if proved, it is not binding upon him, the plaintiff having been previously employed by the West Elmwood Land Company to sell their land, and being in their employ throughout the transaction. We think this is proved. The plaintiff has in fact presented a bill to the company or its representatives for services in effecting the exchange.

The general rule is, that though a person may be entitled to pay from both parties to a sale or exchange where he acts merely as a middleman to bring them together; *Rupp* v. *Sampson et al.* 16 Gray, 398; *Siegel* v. *Gould*, 7 Lans. 177; he cannot be allowed to serve as an agent or broker for both, because in such case there is a necessary conflict between his interest and duty, and he is exposed to a temptation to sacrifice the interests of one or both of his principals to secure his double commissions. As agent for the vendor, his duty is to sell at the highest price; as agent for the vendee, his duty is to buy for the lowest; and

even if the parties bargain for themselves, they are entitled to the benefit of the skill, knowledge, and advice of the agent, and, at the same time, to communicate with him without the slightest fear of betrayal, so that it is hardly possible for him to be true to the one without being false to the other. The claim to charge commissions to both parties is so unreasonable that it cannot be justified by any custom or usage. *Farnsworth* v. *Hemmer*, 1 Allen, 494 ; *Walker* v. *Osgood*, 98 Mass. 348 ; *Pugsley* v. *Murray*, 4 E. D. Smith, 245 ; *Everhart* v. *Searle*, 71 Pa. St. 256 ; *Raisin* v. *Clark*, 41 Md. 158 ; *Schwartze* v. *Yearly*, 31 Md. 270 ; *Morison* v. *Thompson*, L. R. 9 Q. B. 480.

It is intimated in *Pugsley* v. *Murray*, 4 E. D. Smith, 245, that the rule only applies where the broker conceals the double employment ; but other cases rest the invalidity of the contract upon broad grounds of public policy, and hold · that it cannot be enforced even against a party who, knowing that the broker is already employed, promises expressly to pay him for his services. Thus in *Everhart* v. *Searle*, 71 Pa. St. 256, the defendant, knowing the plaintiff had the property for sale, agreed to pay him $500 for assisting him to negotiate a purchase of it, and it was held that the plaintiff could not recover on the contract. " The transaction," say the court, " is to be regarded as against the policy of the law, and not binding upon a party who has a right to object to it."

In *Raisin* v. *Clark*, 41 Md. 158, it was held that the broker could not recover of the party who last employed him, even though the double employment was known to both parties, and the party who first employed him had paid his commission. The court say : " The rule forbids the court to entertain an action founded upon such a contract." . . . . " It is perhaps possible for the same agent to serve both parties to such a transaction honestly and faithfully ; but it is very difficult to do so, and the temptation to do otherwise is so strong, that the law has wisely interposed a positive prohibition to any such attempt." And see Story on Agency, §§ 210, 211.

In the case at bar we do not find that the West Elmwood Land Company was informed by the plaintiff of his employment by the defendant. The representatives of the company continued to confer freely with him, and raised the price of their land,

which they held at $50,000, and which they had previously offered through the plaintiff at fifteen cents a foot, to twenty-five cents a foot, so as to bring it up to or near the price which the defendant had put upon his estate. The plaintiff, for anything that appears, coöperated in this; he says he told the defendant it was a nice piece of land, good to build on; he does not say he ever told the defendant that the price was enormously inflated. The case shows how easy it is for an agent of both parties to become, either consciously or unconsciously, a mere instrument in the hands of the more adroit and sharp-witted party in hoodwinking the other, and decoying him into a disadvantageous bargain. It indicates what temptations and facilities such a double agency presents for unconscionable concealments and misrepresentations, and how dangerous it would be even if it were exercised with the consent of both parties; and, certainly, without such consent, freely and fully given, the law ought not to tolerate it for a moment.

*We give the defendant judgment for his costs.*

*Henry B. Whitman,* for plaintiff.

*B. N. & S. S. Lapham,* for defendant.

NOTE. — For a commentary on this case, see Amer. Law Register N. S. vol. 16, p. 333, June, 1877.