## THE OWNERS REALTY COMPANY OF BALTIMORE CITY, A CORPORATION,

*vs.*

## FILLMORE COOK.

*Agents: may not represent both parties; real estate brokers; title search for vendee after effecting sale for vendor.*

A party can not, in the same transaction, represent both the vendor and vendee as agent or broker. p. 3

But a broker who has procured the sale of the property as the agent of the vendor, after the sale has been accomplished subject to the examination of the title, may act as attorney for the vendee, in the examination of the title, without violating the rule. p. 4

*Decided March 18th, 1914.*

Appeal from the Superior Court of Baltimore City. (DAWKINS, J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Thomas, Pattison, Urner, Stockbridge and Constable, JJ.

*Arthur L. Jackson,* for the appellant.

*Charles F. Stein,* for the appellee.

Urner, J., delivered the opinion of the Court.

There is no dispute as to the facts of this case and we have no difficulty as to the principles of law upon which it must be determined. The suit is for the recovery of commissions for the sale of real estate which the plaintiff claims to have effected as the defendant's agent. At the trial of the case the plaintiff was the only witness. It was proven by his testimony that in June, 1909, he called at the office of the defendant company, and in a conversation with one of its managing officers proposed to undertake the sale of certain property of the company on North avenue in Baltimore City, for the usual commissions of two and a half per cent. This offer was accepted, and the plaintiff later induced his father to purchase a portion of the property. The agreement between the company and the purchaser was executed on September 23, 1909. The price agreed upon was $8,000.00, of which $100.00 was then deposited and the balance was stipulated to be paid in cash upon the transfer of the property, or at the option of the purchaser, by his conveyance of eight designated ground rents, in which event the $100.00 previously paid was to be returned. It was provided that thirty days should be allowed for the examination of the title and that it should be good and marketable. By a subsequent agreement, endorsed on the original contract of sale, the time limited for the examination of the title was extended for an additional period of thirty days. The transaction was finally closed on December 14, 1909, by the tranfser of

the property to the purchaser and his compliance with the terms of sale. The plaintiff then asked for his commissions, amounting to $200.00, at the rate of two and a half per cent of the purchase price, but the appellant declined to make the payment, and this suit resulted.

It appears that after the sale had been negotiated the agreement to which reference has been made was prepared by the attorney of the vendor company, and when it was about to be executed, the plaintiff, being himself a lawyer, examined it on behalf of his father as the purchaser. He subsequently acted for his father's interest in the examination of the title and discovered some supposed defects on account of which the defendant gave a bond of indemnity. The conduct of the plaintiff in the particulars thus indicated is said to have been incompatible with his agency for the defendant as the vendor of the property, and upon this ground the suit for the recovery of the commissions has been resisted.

The general rule is that "a party cannot in any agency of this kind act as an agent or broker for both vendor and vendee in respect to the same transaction, because in such case there is a necessary conflict between his interest and his duty." *Raisin* v. *Clark,* 41 Md. 158; *Slagle* v. *Russell,* 114 Md. 426; *Blake* v. *Stump,* 73 Md. 172; *Schwartze* v. *Yearly,* 31 Md. 270; *Lucas* v. *Crenshaw,* 116 Md. 465. There can be no doubt as to the purpose and effect of this sound and well-defined principle, and we have only to decide whether it applies to the special facts of this case. According to the evidence, the plaintiff did not undertake to represent the vendee in reference to the transaction until the sale had been procured and his duty to the vendor had been fully performed. It was testified without contradiction that during the negotiations for the sale he acted solely for the vendor company, his first service to his father as purchaser being rendered after the agreement of sale had been reduced to

writing by the company's attorney. The sale was then vir-
tually accomplished and the agency of the appellee for that
purpose was at an end. There was no subsisting or continu-
ing duty with which his subsequent service to the purchaser
was in conflict. The preparation of the formal contract of
sale had been committed by the vendor to other hands, and
it certainly could not be held that the inspection of the paper
by the plaintiff in the interest of the purchaser for the mere
purpose of ascertaining that the terms of sale were correctly
expressed was incompatible with any relation to the vendor
which he then sustained. The same view must be taken of
the plaintiff's action in reference to the examination of the
title. It was expressly agreed that the title to be conveyed
should be good and marketable. The period mentioned in
the agreement, and subsequently extended, was prescribed
for the specific purpose of giving the purchaser an oppor-
tunity to have the title examined. The questions suggested
by the plaintiff do not appear to have been unreasonable or to
have been pressed with the view of avoiding the sale. On
the contrary he appears from the proof to have induced the
purchaser to pay a part of the premium on the bond given as
a guaranty of the title in order that the transaction might be
consummated. There was clearly nothing either in the plain-
tiff's inspection of the written contract, or in his examination
of the title, as the representative of the vendee, that could be
regarded as prejudicial to the vendor's interests. The case
is simply one in which the agent employed to make the sale,
after having successfully and completely performed that
duty, subsequently acts for the purchaser in having the agree-
ment of sale carried into effect according to its terms. Upon
the undisputed facts we are unable to find that the appellee
ever assumed to represent both the vendor and the vendee at
the same time. The agencies he accepted for the parties to
the sale were successive and not simultaneous. The rule
which prohibits an agent from attempting to serve conflict-

ing interests has, therefore, no application to the conditions shown by this record.

As the defense interposed is not sustainable on the facts, and as the sale was concededly effected through the appellee's agency, he is entitled to the commissions which it was agreed he should receive as compensation. *Livezy* v. *Miller,* 61 Md. 343; *Tinges* v. *Moale,* 25 Md. 480; *Hollyday* v. *Southern Agency,* 100 Md. 294; *Walker* v. *Baldwin,* 106 Md. 634; *Martien* v. *Baltimore City,* 109 Md. 269; *Slagle* v. *Russell,* *Blake* v. *Stump, supra.*

The prayers offered by the defendant below, which are contained in the single bill of exception before us, sought to deny or qualify the plaintiff's right of recovery on the ground that his service to the vendee, under the circumstances we have described, was inconsistent with his duty to the vendor. This theory is not supported by the evidence, and the prayers were properly refused.

The transaction involved in this case originated prior to the Act of 1910, Ch. 178, p. 5 (Code, Art. 2, sec. 17), relating to the subject of commissions for sale, leases and loans negotiated by brokers or agents, and we have hence no occasion to consider the case with reference to that statute.

*Judgment affirmed, with costs.*