# MARIE WIEGHARDT

*vs.*

# HENRY W. WAGNER.

*Real Estate Broker—Commissions—Offer to Purchase.*

In an action by a real estate broker for commissions, *held* that whether plaintiff was the procuring cause of the sale was, under the evidence, a question for the jury.     pp. 189, 190

If one, employed to sell property as a broker, thereafter proposes to purchase the property for himself and in his own name, he thereby terminates the relation :f agency, and cannot recover commissions. ·     p. 190

*Decided January 13th, 1922.*

Appeal from the Court of Common Pleas of Baltimore City (BOND, J.).

Action by Henry W. Wagner against Marie Wieghardt. From a judgment for plaintiff, defendant appeals. Reversed.

The cause was argued before BOYD, C. J., BRISCOE, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*John A. Farley* and *Herbert Levy,* with whom were *Coady & Farley* on the brief, for the appellant.

*William H. Surratt,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is an action brought by Henry W. Wagner, a licensed real estate broker, against Marie Wieghardt, in the Court of Common Pleas of Baltimore City, to recover the sum of three hundred and twenty-five dollars, alleged to be due him by Mrs. Wieghardt as commissions for services rendered

her in procuring the sale of certain property, known as 423 S. Broadway, near Eastern Avenue, situate in Baltimore City.

The property was owned by Mrs. Wieghardt, and the account filed with the declaration shows that it sold for the sum of thirteen thousand dollars, and the plaintiff charged two and one-half per cent as commissions for procuring the sale.

There was one exception taken at the trial, and that was to the refusal of the court to grant the defendant's fourth, sixth and seventh prayers, and the correctness of the ruling of the court on these prayers is the sole question before us, for consideration upon this appeal.

The trial resulted in a verdict in favor of the plaintiff for the sum of three hundred and twenty-five dollars, and from a judgment on this verdict, the defendant has appealed.

The defendant's fourth prayer was a demurrer to the evidence and asked the court to instruct the jury that there was no evidence in the case legally sufficient to entitle the plaintiff to recover, and their verdict must be for the defendant.

The court below properly refused to grant this prayer, because we think there was evidence legally sufficient to take the case to the jury.

The plaintiff testified that, on the 12th of January, 1920, he met George Wieghardt, a son of the defendant, in the Royal Lunch Room, in the Maryland Casualty Building, Baltimore, and he requested his opinion as to the value of his mother's property at No. 423 S. Broadway, Baltimore. After receiving a valuation, he asked if the plaintiff would handle the property for him, as he had exclusive authority to sell the property, and was willing to pay the usual commissions. The plaintiff, thereupon, agreed to sell the property, as requested. He also further testified that on the next day he saw one Morris Klein and offered the property to him, and reported the offer to Wieghardt, the son of the appellant. It further appears that Mrs. Wieghardt knew that her son was dealing with the plaintiff in reference to the sale of the property,

·that Wagner had offered the property to Klein, and that he was anxious to buy it.

Klein ultimately bought the property, and whether Wagner ·was the procuring cause of the sale was a fact to be·submitted to the jury, under proper instructions from the court. *North Ave. Casino* v. *Ferguson.* 130 Md. 380; *Carrington* v. *Graves,* 121 Md. 567.

It is well settled that, before the court will take a case from the consideration of a jury, it must be satisfied that the evidence is so slight and inconclusive that no rational mind could infer from it the fact sought to be established. 9 *Corpus Juris,* 586, 611; *Parker* v. *Power,* 127 Md. 598; *Bethlehem Steel Co.* v. *Dornberg,* 135 Md. 125; *Burke* v. *Baltimore,* 127 Md. 561; *Walker* v. *Baldwin,* 106 Md. 619.

The defendant's sixth prayer, which was refused, presented the proposition that if the jury should find from the evidence that the plaintiff proposed to purchase the property, mentioned in the proceedings, for himself and in his own name, he cannot recover commissions, for by so doing he terminated his relation as agent and assumed the relation of buyer.

The proposition submitted by this prayer was a material inquiry in the case, under the evidence disclosed by the record, and there was error in rejecting the prayer.

In 4 *Ruling Case Law,* 253, it is stated, as supported by authority, that a broker's agency is also terminated where, instead of endeavoring to induce third persons to buy or sell, he undertakes to do so in his own behalf. The relation of principal and agent between him and his employer thereupon ceases, and that of vendor and purchaser takes its place. *Christianson* v. *M. L. Land and Loan Co.,* 113 Minn. 120, 31 L. R. A. (N. S.), 536; *Fleming* v. *Withrow,* 38 Nova Scotia, Rep. 492; *Bassett* v. *Rogers,* 165 Mass. 377; *Hayden* v. *Grillo,* 35 Mo. App. 647.

In *Rasin* v. *Clark,* 41 Md. 159, it is said: "It is a general rule that a party cannot in any agency of this kind act as agent or broker for both vendor ·and vendee in respect to the same transaction, because in such a case there is a necessary

conflict between his interest and his duty. The vendor in the employment of an agent to sell his property bargains for the disinterested skill, diligence and zeal of the agent for his own exclusive benefit. It is a confidence necessarily reposed in the agent, that he will act with a sole regard to the interest of the principal as far as he lawfully may. The seller of an estate is presumed to be desirous of selling it at as high a price as can fairly be obtained for it, and the purchaser is equally presumed to desire to purchase it for as low a price as he may. The interests of the two are in conflict." *Schwartz* v. *Yearly,* 31 Md. 278; *Story, Agency,* sec. 210; *Blake* v. *Stump,* 73 Md. 160; *Slagle* v. *Russell,* 114 Md. 432; 19 *Cyc.* 206; *Stokes* v. *Wolf,* 137 Md. 412.

The testimony of George F. Wieghardt as to the nature of the plaintiff's negotiations for the purchase of the property, and as to the plaintiff's proposal to purchase the property himself, was sufficient to entitle the defendant to have the proposition stated in the prayer submitted to the jury.

There was no reversible error in the rejection of the defendant's seventh prayer. The proposition of law, sought to be presented by this prayer, was fully covered and stated in the defendant's first prayer, which had been granted by the court. The defendant's second, third and fifth prayers were granted by the court, without apparent objection on the part of the plaintiff.

It follows from the views expressed that the court below committed an error in refusing to grant the defendant's sixth prayer, and for this error the judgment must be reversed and a new trial will be awarded.

*Judgment reversed, with costs, and a new trial awarded.*