MAURICE H. KESSLER *vs.* CHARLES F. BISHOP.

JANUARY 30, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

STEARNS, C. J.   This is an action of the case to recover a commission for services as a broker.   The action was heard by a justice of the Superior Court sitting without a jury and the decision was for the defendant.

The case is here on plaintiff's bill of exceptions.   The only exception of any consequence is to the decision of the trial justice, on the ground that it was against the law and the evidence.

The plaintiff is a real estate broker and agent in Providence.   In September, 1929, defendant, who owned two houses in Warwick, went to the office of the plaintiff in Providence and listed the houses with him for sale.   Prior to this time one Edward R. Tramonti, a real estate operator, had listed with plaintiff for sale or exchange an apartment house, in Providence, which he owned.   Defendant told plaintiff that he wished to sell his houses and to invest in good income-producing property in Providence.   Plaintiff told defendant it was then difficult to make a satisfactory sale but that he knew of a good property of the kind wanted and that he would arrange a meeting with the agent of the

property. Plaintiff telephoned to the office of Tramonti, which was in the same building with plaintiff's office, and made an appointment for a meeting at once on the street in front of the office building. At this meeting Tramonti was introduced to Bishop by Kessler as the agent of the owner of the property which he had recommended. The three men then proceeded to the apartment house and Bishop looked at several of the apartments. Later the three men went to Warwick and inspected Bishop's houses. After some discussion of the terms of an exchange of properties, they returned to Kessler's office; Tramonti then dictated to Kessler's stenographer, with the occasional assistance of Kessler, a form of contract for the exchange of the properties which was signed by Bishop and Tramonti. In this contract Tramonti was named as the owner of the property. Defendant testified that he then first had any knowledge that Tramonti was the owner and not the agent, but that he then considered it a matter of no importance as he supposed it was merely a broker's method of doing business. Before the execution of the contract, Tramonti, in private, refused to pay plaintiff any commission for the exchange. Bishop, still in ignorance of the real situation, after some discussion about the amount, agreed to pay plaintiff a commission of 3% on the value of the houses. Bishop soon found out that he had been deceived and refused to make the proposed exchange or to pay plaintiff any commission.

The law is well settled that the relation of an agent to his principal is one of confidence and trust. It is the duty of the agent to act with the utmost good faith for the best interest of his principal in all stages of the proceedings and in all of his dealings with respect to the subject matter of his agency. Without the knowledge and consent of his principal an agent must not act in the matter of his agency when he has an individual interest therein nor when he represents any other interest in conflict with the principal's interest. The principal is entitled to the full benefit of his agent's knowledge of any material facts related to the

subject matter of the agency. Any concealment or intentional neglect to inform his principal of any such fact is a breach of the agent's duty to his principal.

In acting as a broker for Tramonti without the knowledge and consent of Bishop, plaintiff assumed a double agency which is condemned by the law on the ground of morality and public policy. *Lynch* v. *Fallon*, 11 R. I. 311.

It appears that the plaintiff had previously, while acting as a broker for other owners, sold this same apartment house on two different occasions. Even if plaintiff made no actual misrepresentations to Bishop, he concealed his dual agency and relevant facts which it was his duty to make known.

As plaintiff was unfaithful to his trust as agent for the defendant, he forfeited all right to a commission for his services. *Lynch* v. *Fallon, supra; Wadsworth* v. *Adams*, 138 U. S. 380; *Little* v. *Phipps*, 208 Mass. 331; *Reis & Co.* v. *Volck*, 151 App. Div. (N. Y.) 613; *Schleifenbaum* v. *Rundbaken*, 81 Conn. 623; 9 C. J. P. 568, and authorities cited therein.

The plaintiff's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the decision.

*Temkin & Temkin*, for plaintiff.

*William A. Gunning, Oreal Grossman*, for defendant.