CHARLES H. LAWTON, JR. *d.b.a.* C. H. LAWTON & SON *vs.* McHALE REALTY CO.

MAY 15, 1957.

PRESENT: Flynn, C. J., Condon, Roberts and Paolino, JJ.

ROBERTS, J. This action in assumpsit was brought for the recovery of a brokerage fee on the sale of real estate. The case was tried in the superior court before a jury and resulted in a verdict for the plaintiff in the amount of $4,000. It is before this court on the defendant's bill of exceptions containing its exceptions to the denial of its motions for a directed verdict and for a new trial.

The plaintiff contends that he entered into an oral brokerage contract with defendant in October 1950, undertaking to sell the real estate in question at a price of $80,000. He further contends that in November of that year he produced the Hemphill Company as a prospective purchaser ready, willing, and able to purchase the property at the price set. He further contends that when he produced that company as a prospective purchaser, McHale proposed that defendant would lease the land to Hemphill Company with an option to purchase and that if it purchased the land at some future time, defendant would pay plaintiff a commission on the sale. It appears from the record that in 1952 defendant sold a portion of the land in question to Hemphill Company and that plaintiff, on becoming aware of the sale, made a demand for a commission thereon. The commission was refused and plaintiff brought the instant action.

The defendant among other things moved for a directed verdict, urging several grounds in support of the motion. One of these grounds was to the effect that if there was a contract between the parties, uncontradicted evidence showed that plaintiff had acted in a representative capacity

for the prospective purchaser and against defendant's interests, and that therefore the contract, if any, was void.

· According to evidence which was substantially undisputed, defendant was the owner of a large tract of land located at Dexter, Congress and Pine streets in the cities of Pawtucket and Central Falls. Robert Spencer Kyle, a salesman employed by plaintiff, testified without contradiction that during October 1950 he was called by a representative of the Hemphill Company, a corporation operating a manufacturing plant on Clay street in Central Falls, concerning the land owned by defendant and its availability for purchase. The plaintiff testified that upon learning from his salesman of this interest on the part of the Hemphill Company he conferred with James McHale, an officer of defendant, with respect to the availability of the land for sale. During the course of this discussion plaintiff was asked by McHale to estimate the value of the tract and he informed him that it was worth $76,000. He further testified that McHale said defendant would sell the land at a price of $80,000.

The plaintiff admitted under cross-examination that sometime prior to December 5, 1950 he made an appraisal of the land in question at the request of the Hemphill Company, and that on December 5 he wrote to that company informing it of his conclusion that a fair value of the land would be $80,000. James McHale testified without contradiction that sometime during October or November 1950 plaintiff approached him and made an offer of $80,000 for the property and displayed a paper which he stated was Hemphill Company's check as a "binder" on the deal. McHale further testified without contradiction that he had never been informed that plaintiff had made the appraisal for Hemphill Company or that plaintiff represented that company in any capacity.

· Generally the question of whether the plaintiff in cases of this kind was acting in some representative capacity for

a prospective purchaser would be a question of fact for the jury. However, we do not perceive this to be true in cases where the only reasonable inference that can be drawn from the undisputed evidence is that the plaintiff was acting for and in behalf of the prospective purchaser during the time he represented the defendant concerning the sale of land. In the instant case an examination of the transcript reveals undisputed evidence establishing that, during the time plaintiff claims he was acting as a broker for defendant in the matter of finding a purchaser for defendant's land, he likewise was performing services in behalf of the prospective purchaser of a like character and inconsistent with defendant's interests.

In this state of the evidence we have something more than a situation in which an agent has failed to reveal to his principal some material fact concerning the transaction. Here there is undisputed evidence of a dual agency not consented to by the principal. *Kessler* v. *Bishop,* 51 R. I. 202, 204; *Lynch* v. *Fallon,* 11 R. I. 311. Evidence which is not disputed reveals that during the negotiations under consideration this plaintiff performed services for the prospective purchaser which were not consistent with the best interests of defendant and were performed without the knowledge or consent of defendant. It is the well-settled law of this state that in such circumstances the broker forfeits his right to any commission. *Kessler* v. *Bishop, supra; Lynch* v. *Fallon, supra.*

The defendant's exception to the denial of its motion for a directed verdict is sustained, and on May 22, 1957, the plaintiff may appear before this court and show cause, if any he has, why the case should not be remitted to the superior court with direction to enter judgment for the defendant.

CONDON, J., dissenting. I am of the opinion that on the evidence here it was a question for the jury whether the plaintiff was acting in a dual capacity as agent of the de-

fendant and Hemphill Company at the same time in the same transaction. Therefore I dissent and would hold that the trial justice rightly left such question to the jury.

## On Show Cause Order.

AUGUST 16, 1957.

Per Curiam. In the above-entitled case, pursuant to our opinion heretofore filed, the plaintiff through his attorney appeared to show cause why the case should not be remitted to the superior court for entry of judgment for the defendant as therein directed. At that time he presented reasons in support of his contention that the verdict should be sustained.

Upon consideration we are of the opinion that no sufficient cause has been shown to change our conclusions, and the case is remitted to the superior court for entry of judgment for the defendant as directed in the opinion.

*Thomas F. Vance, Jr.,* for plaintiff.

*McMahon & McMahon,* for defendant.